IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Frankie Ramos, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-7922 |
| | ) | |
| v. | ) | |
| | ) | |
| Metro Insulation, Inc. and Mark Strachan, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, FRANKIE RAMOS, by counsel, alleges as follows:

**Federal Jurisdiction and Venue**

1. This case arises under the Fair Labor Standards Act of 1938 ("FLSA"), codified at 29 U.S.C. § 201 et. seq., as amended. As a result, this Court has subject matter jurisdiction to hear this case under 28 U.S.C. § 1331 (federal question jurisdiction).

2. Plaintiff brings state law claims under the Illinois Minimum Wage Law ("IMWL"), codified at 820 ILCS 105 and the Illinois Wage Payment and Collection Act, codified at 820 ILCS 115/3–115/5.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367, because the state law claims are so related to the federal FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

4. The events giving rise to this lawsuit arose in this District, namely in Rockford, Illinois.

## Parties

5. Metro Insulation, Inc. is an Illinois corporation located at 2119 N. Central Avenue in Rockford, Illinois.

6. Plaintiff Frankie Ramos worked for Metro from September 14, 2014 to July 29, 2017.

7. Ramos was an Installer.

8. Metro Insulation is subject to FLSA because it is engaged in an industry affecting commerce: it provides insulation, weatherization, air sealing, infrared, and blower door testing services to home builders, remodelers and residents; it has two or more employees; and its annual gross sales total more than $500,000.

9. Mark Strachan is subject to suit under the FLSA, IMWL and IWPCA because he was President of Metro Insulation and had day-to-day control over all the company's operations including compensation of employees. He knew the hours Ramos was working, knew he was not receiving time and a half for hours worked over forty, and had the power to remedy the situation but failed to do so.

## Count I: FLSA Violations

10. Plaintiff re-alleges the paragraphs 1-9 above as if fully stated here.

11. Under FLSA, 29 U.S.C. § 207, an employer must pay any employee who works more than 40 hours in a week at a rate of at least 1.5 times the employee's regular rate of pay for each hour over 40 worked.

12.     Throughout his employment, Ramos was not compensated at a rate of 1.5 times his regular rate of pay for hours worked over 40.

13.     Accordingly, Defendants violated the FLSA.

WHEREFORE, Plaintiff requests that Defendants be found liable, that judgment be entered against them, and that Ramos be awarded all remedies to which he is entitled under the law, including:

  a. unpaid overtime compensation;
  b. an additional equal amount as liquidated damages;
  c. attorney's fees; and
  d. costs.

### COUNT II: Illinois Minimum Wage Law violation
### (supplemental IL statutory claim)

14.     Plaintiff re-alleges the paragraphs 1-7 above as if fully stated here.

15.     Under the IMWL, no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed.

16.     Throughout his employment, Ramos was not compensated at a rate of 1.5 times his regular rate of pay for his hours worked over 40.

17.     Accordingly, Defendants violated the Illinois Minimum Wage Law.

WHEREFORE, Plaintiff requests that Defendants be found liable, that judgment be entered against them, and that Ramos be awarded all remedies to which he is entitled under the law, including:

    a. the amount he was underpaid;

    b. damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

    c. reasonable attorney's fees; and

    d. costs.

### Count III: Illinois Wage Payment and Collection Act

18. Plaintiff re-alleges the paragraphs 1-7 above as if fully stated here.

19. Under the IWPCA, employers must pay employees for all wages earned. 820 ILCS 115/3–115/5.

20. Metro Insulation did not pay Ramos for all wages earned. For example, they often did not pay him for the work required before he arrived at a job site (like loading his vehicle and traveling to the job site).

21. Accordingly, Defendants violated the Illinois Wage Payment and Collection Act.

WHEREFORE, Plaintiff requests that Defendants be found liable, that judgment be entered against them, and that Vasquez be awarded all remedies to which he is entitled under the law, including:

    a. the amount of underpayment;

    b. damages of 2% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid;

    c. costs; and

    d. all reasonable attorney's fees.

## **Jury Demand**

22. Plaintiff demands trial by jury.

DATE: 11/2/17                              BY:   /s/ Julie O. Herrera


Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812
jherrera@julieherreralaw.com